IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| EDDIE WARNER | § | |
| VS. | § | CIVIL ACTION NO. 5:17cv49 |
| DEREK EDGE | § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Eddie Warner, an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable orders of this court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this case. The Magistrate Judge recommends that the petition for writ of habeas corpus be dismissed.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the records, pleadings and all available evidence. Petitioner filed objections to the Report and Recommendation. The Court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

After being convicted of possessing crack cocaine with the intent to distribute, petitioner was found to be a career offender for the purposes of § 4B1.1 of the United States Sentencing Guidelines. He asserts that based on recent decisions from the Supreme Court and the United States Court of Appeals for the Fifth Circuit, he should no longer be considered a career offender. However, the Magistrate Judge concluded that as petitioner is contesting the sentence he received for his conviction, rather than his conviction itself, his ground for review is not cognizable in a petition filed pursuant to 28 U.S.C. § 2241.

A prisoner may only utilize § 2241 to challenge a federal criminal conviction if the remedy provided for in 28 U.S.C. § 2255 is ineffective or inadequate to test the legality of his detention. The

remedy provided for in § 2255 has been found to be ineffective to challenge the legality of a prisoner's detention only where the prisoner is asserting a ground for review that: (1) is based on a Supreme Court decision that applies retroactively on collateral review and establishes he may have been convicted of a nonexistent offense and (2) was foreclosed by applicable circuit law at the time it could have been asserted at trial, on direct appeal or in a first motion to vacate filed pursuant to § 2255. *Reyes-Requena v. United States*, 243 F.3d 893, 894 (5th Cir. 2001).

*First Objection*

In his first objection, petitioner objects to the "characterization that his § 2241 petition was not challenging the 'imposition of his sentence' or the 'legality of his detention.'" However, in her Report and Recommendation, the Magistrate Judge correctly stated that petitioner was challenging the legality of the sentence imposed as a result of his conviction.

*Second Objection*

Next, petitioner states that the loss of his liberty as a result of his sentencing proceeding and what he characterizes as a misapplied career offender enhancement has placed him in a specific subset of offenders whose sentence is fundamentally unfair. However, the test for determining if petitioner is entitled to relief in this proceeding is not whether his sentence is fundamentally unfair, but whether he has satisfied the test set forth in *Reyes-Requena*.

*Third Objection*

In his third objection, petitioner states § 2255 is inadequate to challenge the legality of his detention because the restrictions on filing a successive motion to vacate under § 2255 prevents him from being able to rely on the Supreme Court's recent decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). In *Mathis*, the Supreme Court held that when determining whether a prior conviction qualifies as a predicate offense under the Armed Career Criminal Act, a sentencing court may subdivide the statute which formed the basis for the prior conviction only if the statute contains multiple elements constituting separate crimes rather than simply multiple means of committing the same offense. *United States v. Wright*, ___ F. App'x ___, 2017 WL 1032310 (5th Cir. Mar. 15

2

2017). However, a prisoner's inability to meet the requirements for filing a successive motion to vacate under § 2255 does not make the remedy provided by § 2255 inadequate to challenge the legality of his detention. *Tolliver v. Dobre*, 211 F.3d 875, 878 (5th Cir. 2000).

**Fourth Objection**

Next, petitioner contends that his ground for review was foreclosed by applicable circuit law at the time of his trial, direct appeal and initial motion to vacate filed pursuant to § 2255. As petitioner relies on decisions that were issued in 2016 and 2017, his contention is correct. Despite this, however, his ground for review is not cognizable in this proceeding because he is challenging the sentence he received as a result of his conviction rather than his conviction itself. *Reyes-Requena*, 243 F.3d at 894; *Kinder v. Purdy*, 222 F.3d . 209, 213-14 (5th Cir. 2000).

**Fifth Objection**

Petitioner also assets that the law applicable to the determination of whether a defendant is a career offender was changed by the decision in *Hinkle v. United States*, 832 F.3d 569 (5th Cir. 2016). In *Hinkle*, the United States Court of the Appeals for the Fifth Circuit held that a conviction pursuant to § 481.112(a) of the Texas Health and Safety Code does not qualify as a "controlled substance offense" for the purposes of § 4B1.1. However, even assuming *Hinkle* changed the applicable law, it is unavailing to petitioner in this proceeding because he is challenging his sentence rather than his conviction.

**Sixth Objection**

In his sixth objection, petitioner states that the decisions in *Hinkle* and *Mathis* were unavailable to him when he filed his initial motion to vacate pursuant to § 2225. As previously explained, while petitioner's statement is correct, he is nevertheless not entitled to relief because he is challenging his sentence rather than his conviction.

**Seventh Objection**

Next, petitioner objects to the "blanket categorization" that his prior convictions should no longer be considered predicate offenses under § 4B1.1 because this issue is still under "feverish

3

judicial debate." While the Magistrate Judge stated petitioner was asserting that his prior convictions no longer qualified as predicate offenses, no determination was made as to whether the prior convictions still qualified as predicate offenses. Regardless, as petitioner is challenging his sentence rather than his conviction, the determination of whether his prior convictions still qualify as predicate offenses is irrelevant to a determination as to whether petitioner is entitled to relief in this proceeding.

*Eighth and Ninth Objections*

In his eighth and ninth objections, petitioner contends that in light of the decisions in *Mathis* and *Hinkle*, his prior convictions no longer qualify as predicate offenses for the purposes of § 4B1.1. Even if petitioner is correct, he is still not entitled to relief in this proceeding because he is challenging his sentence rather than his conviction.

*Tenth Objection*

Finally, petitioner objects to the recommendations that: (a) § 2241 is not the proper statute for him to seek relief under; (b) § 2241 does not provide him with a remedy and (c) his prior motion to vacate filed pursuant to § 2255 was not time-barred. Based on the authorities cited above, § 2241 is not the proper statute for petitioner to seek relief under and does not provide him with a remedy. Moreover, the determination that petitioner's motion to vacate was barred by the applicable statute of limitations may not be challenged in this proceeding.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in accordance with the Magistrate Judge's recommendation.

**So ORDERED and SIGNED this 17th day of April, 2017.**

							_____
							RODNEY GILSTRAP
							UNITED STATES DISTRICT JUDGE